Territorial Law Library

# IN THE SUPERIOR COURT OF GUAM

PETER RAFEY MEDINA,        )   CASE NO. DM0860-11
)
                Plaintiff,   )
      vs.                  )   **DECISION AND ORDER**
)
LOLITA MUNOZ,            )
)
           Defendant.   )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Genetic Testing. Attorney Seaton M. Woodley represented Plaintiff, Peter R. Medina. Attorney William D. Pesch represented Defendant, Lolita Munoz. Following the hearing the Court took the matter under advisement.

## FACTUAL HISTORY

In this action, Plaintiff seeks to establish his paternity of Kennidie Isabella Munoz Barcinas (DOB 08/02/2004). Defendant Munoz gave birth to Kennidie on August 2, 2004, thirty seven days after she married Buenvenido P. Barcinas, Kennidie's presumptive father. Defendant Munoz denies that Plaintiff is Kennidie's biological father.

## DISCUSSION

Defendant Munoz filed a motion for summary judgment arguing that under Guam law, Defendant has no standing to challenge the presumption that Mr. Barcinas is the father of Kennidie, a minor child born thirty-seven days after the marriage between Mr. Barcinas and Defendant Munoz. At the hearing on this matter Defendant's attorney began by highlighting the fact that Mr. Barcinas had not received

notice of the motions. Counsel contends that because Mr. Barcinas is an interested party, prior to any disposition of this case or ruling on any motion, Mr. Barcinas must be served notice and given the opportunity to be heard.

Defendant raises a critical issue regarding whether all necessary parties in this matter are before this Court. Rule 19(a) of the Guam Rules of Civil Procedure provides:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if

> > (1) in the person's absence complete relief cannot be accorded among those already parties, or

> > (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

> > > (i) as a practical matter impair or impede the person's ability to protect that interest or

> > > (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

> If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

GUAM R. CIV. P. 19(a).

In the present case, it appears that certain necessary parties are not part of this action. Plaintiff named both Buenvenido P. Barcinas and Lolita Munoz as defendants in the Summons and Complaint filed on December 21, 2011. However, according to the Court's file, Plaintiff served the Summons and Complaint on Defendant Munoz, but not on Mr. Barcinas. In all subsequent filings, Plaintiff dropped Mr. Barcinas' name from the case caption. Moreover, according to Mr. Pesch, Plaintiff did not serve notice of the motion for genetic testing on Mr. Barcinas. Thus, it seems Mr. Barcinas is not a party to this action and has not been provided notice of the present motion for summary judgment.

Mr. Barcinas, as the presumptive father of Kennidie and as a person who has been granted custody of Kennidie and who provides child support for her care and well-being, is certainly a person who can claim an interest relating to this paternity action. Mr. Barcinas' absence in this case absolutely impairs his ability to protect his legal interests as they stand at this time. As such, Mr. Barcinas is a necessary party and this Court must order that he be joined in this action. Moreover, Kennidie also possesses an interest in this paternity action and her absence certainly impairs her ability to protect her interests. Thus, Kennidie is also a necessary party who has not been named in this case.

Based on the determination that there are necessarily parties to the action that must be joined, the Court must stay this matter pending joinder.

## CONCLUSION

Based on the foregoing, it would not be proper for this Court to resolve the matters currently under advisement until all necessary parties are joined, until those parties are served with the Summons and Complaint, and until those parties are given notice of the motions and an opportunity to be heard.

Within 30 days of issuance of this Decision and Order Plaintiff shall amend the Complaint to add Kennidie and Buenvenido P. Barcinas as defendants. Plaintiff shall serve the Summons and Complaint on Kennidie and Mr. Barcinas no later than 50 days after issuance of this Decision and Order.

Once the parties are joined, Defendant Munoz and Plaintiff shall request a new hearing date for their respective motions and the moving parties shall serve the motion and notice of the motion upon all other parties in accordance with Guam's rules of procedure.

It is **SO ORDERED** this 9th day of August, 2012.

is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 9 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

*ORIGINAL*